UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bradley Nelson,                                                         Civil No. 13-2246  PJS/JJK

                Plaintiff,

v.
                                               **REPORT AND RECOMMENDATION**
Wells Fargo Bank Minnesota, National        **ON DEFENDANT'S MOTION**
Association As Trustee For Structured                     **TO DISMISS**
Asset Securities Corporation Mortgage
Pass-Through Certificates, Series 2003-
34A, and also all other persons, unknown
claiming any right, title, estate, interest, or
lien in the real estate described in the
complaint herein,

                Defendants.


    William B. Butler, Esq., Butler Liberty Law, LLC, for the Plaintiff;[1]

    John L. Krenn, Esq., and Kelly Hoversten, Esq., Gray Plant Mooty Mooty & Bennett, PA, for the Defendant.

---

[1] A disciplinary action against Mr. Butler is pending in the District of Minnesota based upon his noncompliance with sanctions orders in several foreclosure related actions. Dist. of Minn. Civ. File No. 13mc49 MJD, In the Matter of the Petition for Disciplinary Action Against William Bernard.  On December 26, 2013, the Eighth Circuit issued an order suspending Mr. Butler from practice before the Eighth Circuit "until he has either paid the sanctions ordered by the United States District Court for the District of Minnesota, or the District of Minnesota has made findings that he has substantially complied with his obligations to it."  Order of 12/26/13, In re: William Bernard Butler, No. 13-9013 (8th Cir.).  On January 14, 2014, Mr. Butler was likewise suspended from practice in the District of Minnesota pursuant to Order issued by Chief Judge Michael J. Davis in the disciplinary matter.

This action is before the Court, Magistrate Judge Jeffrey J. Keyes, 316 N. Robert St., St. Paul, MN 55101, on a Motion to Dismiss by Defendant Wells Fargo Bank Minnesota, National Association ("Wells Fargo") [Docket No. 13]. The motion has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). The matter is considered on the documents and without hearing. It is this Court's determination herein that the Motion to Dismiss by Defendant Wells Fargo should be granted and the case be dismissed with prejudice.

**I. Background and Claims**

Plaintiff Bradley Nelson commenced this action to invalidate a foreclosure on residential property in Champlin, Minnesota. The Complaint alleges that Mr. Nelson acquired his interest in the property by warranty deed dated October 27, 2003, and that he continues to reside at the home. (Doc. No. 1, Compl. ¶¶ 1-2.) Plaintiff executed a $385,000 promissory note to lender Bell America Mortgage LLC ("Bell") on August 15, 2003. (Id., ¶ 4, Aff. of Kelly Hoversten, Ex. B, Doc. 16-1.) The note was secured by a mortgage that named Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee acting in a nominee capacity for the lender and the lender's successors and assigns. (Compl., Ex. 1.) MERS, as nominee for Bell, assigned the mortgage to CitiMortgage on May 13, 2010, and the mortgage was recorded in Hennepin County on May 18, 2010. (Id. ¶ 38, Ex. 5.) Defendant Wells Fargo's involvement

in this matter is alleged to be as owner of the mortgage by way of assignment pursuant to a trust agreement and limited warranty deed executed on 2011.

The Complaint establishes that Plaintiff defaulted on the note by reference to foreclosure proceedings and sheriff's sale in May 2010, (Id. ¶¶ 39-41), despite the allegation that the Defendant had no right to declare such default. (Id. ¶ 5.)  The pleading further alleges that a Notice of Pendency to Foreclose Mortgage by CitiMortgage, dated May 17, 2010, was recorded on May 18, 2010. (Id. ¶¶ 40-41, Ex. 6).  The law firm Shapiro & Zeilke, LLP, was authorized to foreclose on the mortgage on behalf of CitiMortgage pursuant to a Power of Attorney to Foreclose executed on May 19, 2010, and recorded on May 27, 2010. (Id. ¶ 41, Ex. 7.)  A sheriff's sale was noticed and the sale was conducted on November 23, 2010, at which time the property was sold to CitiMortgage for the amount of $384,213.69. (Id. ¶ 43, Ex. 8).

As asserted in prior litigation, Plaintiff Bradley Nelson again alleges that the foreclosure sale of the property at issue is void and he is therefore title holder to the property.  He contends that there were unrecorded mortgage assignments in 2003, including an unrecorded assignment to Wells Fargo; CitiMortgage did not have standing to foreclose; there is no recorded power of attorney from Wells Fargo to the foreclosure firm, Shapiro; the foreclosure violated the banks' Consent Orders and MERS rules; and CitiMortgage did not have an interest in the property to deed to Wells Fargo in 2011.

## II. Litigation History

Mr. Nelson has previously contested the foreclosure of the property at issue in this action. He and twenty other plaintiffs joined in a complaint filed in Hennepin County on April 18, 2011. The matter was removed to federal court on May 16, 2011.[2] The case was voluntarily dismissed without prejudice pursuant to notice filed on July 28, 2011, and Order dated July 29, 2011. Meanwhile, Mr. Nelson joined another multi-plaintiff Hennepin County action dated July 28, 2011.[3] This second matter ("Nelson II") challenged the foreclosures on the plaintiffs' properties on 21 separate counts, including 18 counts naming lenders and mortgage and loan servicers as defendants.[4] The Nelson II complaint was

---

[2] Jaakola v. CitiMortgage, Inc., Dist. of Minn. Civil File No. 11-1272 DWF/TNL.

[3] Peterson v. CitiMortgage, Inc., Dist. of Minn. Civil File No. 11-2385 SRN/JJG. ; 2012 WL 1943628 (D. Minn., June 1, 2012), aff'd 704 F.3d 548 (8th Cir. 2013).

[4] Wells Fargo Bank was not a named defendant in the Peterson case, i.e. Nelson II. MERS and CitiMortgage were named defendants in that action. With respect to bank defendants in the Nelson II complaint, Counts I and II alleged that bank defendants were not holders or holders in due course of the original notes; Count III alleged that defendants were not real parties in interest; Count IV alleged that defendants did not have legal standing to foreclose mortgages; Count V alleged a demand for the original note; Count VI alleged that mortgages were not properly perfected; Count VII alleged slander of title; Count VIII alleged conversion; Count IX alleged unjust enrichment; Count X alleged civil conspiracy; Count XI alleged breach of fiduciary duty; Count XII alleged fraud; Count XIII alleged negligent misrepresentation; Count XV alleged equitable estoppel; Count XVI alleged violation of due process under the Minnesota Constitution; Count XVII alleged discharge of obligation; Count XVIII alleged private attorney general enforcement of Minnesota Statutes; and Count XIX demanded an accounting.

dismissed with prejudice by Order dated May 30, 2012.  Peterson v. CitiMortgage, Inc., 2012 WL 1943628 (D. Minn., June 1, 2012), aff'd 704 F.3d 548 (8th Cir. 2013).

### III.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010).  It must not, however, give effect to conclusory allegations of law.  Stalley ex rel. United States v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007).  The plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ."  Twombly, 550 U.S. at 555.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  Id.

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(d).  But the court may consider exhibits

5

attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment. Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003). This matter will be construed as a motion to dismiss under Rule 12(b)(6).

## IV. Claim Preclusion

Defendant Wells Fargo asserts that this action should be dismissed on res judicata and collateral estoppel grounds. Plaintiff Bradley Nelson argues that res judicata does not bar the action because Wells Fargo's title to the property presents an issue that was not fully litigated in the prior case. The doctrine of res judicata, i.e. claim preclusion, precludes a party from re-litigating claims that were or could have been raised in prior litigation. Richter v. Fed. Nat. Mortg. Ass'n, 13-475 ADM/JJG, 2013 WL 3223377 at *6 (D. Minn., June 25, 2013) (citing Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (8th Cir. 2001). The evaluation requires the court to consider: (1) whether the prior claim involved the same set of factual circumstances; (2) whether the earlier claim involved the same parties or their privies; (3) whether there was a final judgment on the merits; and (4) whether the parties to be estopped had a full and fair opportunity to litigate the claim. Id. at *6.

All of the criteria for res judicata are satisfied in this instance. First, the previous case, Nelson II, involved the same foreclosure of the same residential property that is at issue in this case. Second, Wells Fargo, though not

a party in Nelson II, received its interest in the property by limited warranty deed from CitiMortgage. (Compl., Ex. 10). Wells Fargo's interests with respect to validity of the mortgage are aligned with those of CitiMortgage and those defendants therefore satisfy the privity requirement. See Butler v. Fed. Nat. Mortg. Ass's, 12-2967 SRN/TNL (Doc. No. 26), 2013 WL 2415701 (D. Minn., May 15, 2013). Third, there was a final judgment on the merits in Nelson II, and fourth, Plaintiff Bradley Nelson had a full and fair opportunity to litigate claims brought in this case in the prior action. In this matter Plaintiff asserts that the foreclosure is invalid, seeks to quiet title through determination of adverse claims and declaratory judgment, and alleges slander of title. Without a doubt the same claims could have been presented in the Nelson II complaint. Furthermore, the limited warranty deed giving an interest to Wells Fargo was executed before the Nelson II action was commenced and Wells Fargo could certainly have been named as a defendant in that case. A party that has a choice of remedies for a wrong may not assert them serially, but must advance claims all at once when those claims arise out of the same set of circumstances and share the same nucleus of common facts. Sabbia v. Marshall Fields, 06-3083 DWF/AJB, 2007 WL 671314 at *3 (D. Minn., Mar. 1, 2007) (citing Mills v. Des Arc Convalescent Home, 872 F.2d 823, 826).

   What is really happening here is that, having exhausted his discredited "show-me-the-note" theory as a device to stall foreclosure and

eviction, Plaintiff"s counsel is now ginning up a new theory, i.e. the "missing assignments" gambit, so that the foreclosure and eviction process can be extended, through years of litigation, while the plaintiff in possession of the property, who defaulted years ago, lives rent free, apart from payment of fees to Mr. Butler. Regardless of whether the prior litigation raised the issues of missing assignments or other alleged defects in the foreclosure process, the issue in Nelson II, as in this case, was whether CitiMortgage properly foreclosed on Plaintiff's mortgage. The claims asserted in this action are precluded as a matter of law and Defendant's motion to dismiss on res judicata grounds should be granted.[5]

## **RECOMMENDATION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Wells Fargo's Motion to Dismiss [Docket No. 13] be **GRANTED** and this matter be **DISMISSED WITH PREJUDICE**.

Date:   January 22, 2014

                                            s/Jeffrey J. Keyes
                                          JEFFREY J. KEYES
                                          United States Magistrate Judge

---

[5] Because res judicata warrants dismissal with prejudice of this case, the Court will not address collateral estoppel/issue preclusion. *See, e.g.*, *Richter*, 2013 WL 3223377, at *7.

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 6, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.